E-FILED
Wednesday, 30 January, 2008   04:44:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY LEE LORINCZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-4052 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Timothy Lee Lorincz's ("Lorincz"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#4] is GRANTED, and Lorincz's § 2255 Motion [#1] is DENIED.

### BACKGROUND

On May 25, 2006, Lorincz entered a guilty plea pursuant to a written plea agreement to charges of conspiracy to manufacture methamphetamine and the manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 in the United States District Court for the Central District of Illinois. On September 14, 2006, he was sentenced to a term of 276 months' imprisonment, followed by a term of supervised release.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶¶ 11 and 12 of the written plea agreement, Lorincz has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Lorincz attempts to collaterally attack his conviction based on allegations that the Court lacked jurisdiction to convict and sentence him under Wickard v. Filburn, 317 U.S. 111

(1942), because he never participated in a federal benefits program and did not come within the Government's power to regulate interstate commerce. This Order follows.

## Discussion

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S. Ct. 205 (1995).

Here, Lorincz would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. While he requests that all charges against him should be dismissed, he makes no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea and does not present any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. Perhaps this is because he believes that the plea bargain's advantages outweigh its disadvantages. In any event, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. Id., *citing* United States v. Wagner, 103 F.3d 551 (7th Cir. 1996); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999); United States v. Nelson, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

Lorincz cites United States v. Ventre, 338 F.3d 1047 (9th Cir. 2003), arguing that his waiver is not applicable here because the Ninth Circuit has held that a valid plea waiving appeal rights does not waive a challenge to jurisdiction. However, this is the Seventh Circuit, and the law of this circuit has not recognized such an exception to a valid waiver. The Seventh Circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives only "with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1144-45; Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Accordingly, while Lorincz does not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon

going to trial. United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan, 986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing* Key, 806 F.2d at 139; *see also* McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, there are no specific factual assertions to the effect that Lorincz's attorney rendered ineffective assistance in negotiating his plea agreement. Lorincz does not argue that but for the purportedly misleading advice of counsel, he would have rejected the plea offer and insisted on going to trial and does not ask to set aside his plea agreement.

Furthermore, a review of the transcript of the plea hearing reveals that, after a detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct, Lorincz received a lengthy explanation of the waiver provision and its consequences during the plea colloquy. As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under Strickland. This same dialogue also demonstrates the knowing and voluntary nature of Lorincz's waiver and guilty plea, as well as his competency.

When the Court accepted Lorincz's guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 also

provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation."  Id., *citing* United States v. Fountain, 777 F.2d 351, 356 (7th Cir. 1985).  This aspect of the Rule 11 hearing is especially important with respect to subsequent collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.  Id., *citing* Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986); Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 (1977).  Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity."  Blackledge, 97 S.Ct. at 1629.

After a careful review of the transcript of Petitioner's Rule 11 hearing, the Court finds that he has failed to overcome the strong presumption of verity which attached to the statements of voluntariness and understanding that he made during that hearing.  The pertinent portion of the record reveals the following colloquy between Lorincz and the Court after he was placed under oath:

> Q:   Do each of you understand that you are now under oath and your answers to my questions are subject to the penalties of perjury or of giving a false statement if you don't answer truthfully?  Do you understand that?
>
> \* \* \*
>
> A:   Yes.
>
> \* \* \*
>
> Q:   Have you been treated recently for any mental illness or addiction to drugs?
>
> A:   I went through rehabilitation for meth.
>
> Q:   Is there anything about that that would interfere with your ability to understand what's happening here today?

A: No.

Q: Are any of you currently under the influence of any drug, medication, or alcoholic beverage?

* * *

A: No.

Q: Have each of you received a copy of the indictment pending against you, that is the written charges made against you in this case?

* * *

A: Yes.

Q: Have each of you fully discussed those charges and the case in general, including any possible defenses that you might have, with your attorneys?

* * *

A: Yes.

Q: Are each of you fully satisfied with the counsel, representation and advice given to you in this case by your attorneys?

* * *

A: Yes.

Q: As I understand it, your willingness to plead guilty here today is due, at least in part, to the discussions that each of you have had with your attorneys and the attorneys for the Government leading up to the execution of these written plea agreements?

* * *

A: Yes.

Q: Did each of you have a reasonable opportunity to read and discuss the plea agreement with your attorneys before you signed it?

* * *

A:  Yes.

Q:  As to each of you, does the plea agreement represent in its entirety every understanding that you have with the Government?

\* \* \*

A:  Yes.

Q:  Do each of you understand the terms of your plea agreement?

\* \* \*

A:  Yes.

\* \* \*

Q:  On page 5, there are two different paragraphs. Each talks about a waiver. Paragraph 11 is a waiver of right of appeal from conviction and sentence. That has to do with a situation after a person is sentenced, if they're not happy, they can typically file an appeal with the Court of Appeals in Chicago. In that appeal they can claim that there was something unlawful or unconstitutional about the process that was used in the trial court or the sentence itself. That could even include a claim that the defendant did not receive effective assistance of counsel. In this paragraph, you're giving up the right to file a direct appeal with two very narrow exceptions. Number one, if the Court were to impose a sentence that's more than the statutory maximum. That's not likely to happen here since the maximum is life in prison. The other reservation would be that you could file a notice of appeal and claim that your attorney had not effectively represented you in the negotiation of this plea agreement. But in all other respects, even effective assistance of counsel claims are waived. Do each of you understand the very broad nature of this waiver?

\* \* \*

A:  Yes.

Q:  The next paragraph is also a waiver paragraph. That's waiving a proceeding that would be filed here in the trial court after conviction. It's normally done by what's called a petition for writ of habeas corpus. In such a proceeding, again a person could claim that there was something unlawful or

> unconstitutional about the process or about the sentence. Again, that could even include a claim that the person had not effectively been represented by counsel.  In this paragraph you're giving up the right to do that period.  Do you understand?
>
> \* \* \*
>
> A: Yes.
>
> Q: So the bottom line on this is because of these waiver provisions, when you walk out of here on the date of sentencing, even if you're very unhappy, your opportunity to challenge that sentence is virtually nonexistent.  Do you understand?
>
> \* \* \*
>
> A: Yes.
>
> \* \* \*
>
> Q: Has anyone made any other or different promise or assurance of any kind to you in an effort to induce you to plead guilty?
>
> \* \* \*
>
> A: No, Your Honor.
>
> Q: Has anyone attempted in any way to force you to plead guilty?
>
> \* \* \*
>
> A: No, Your Honor.
>
> Q: Are each of you pleading guilty of your own free will because you are guilty?
>
> \* \* \*
>
> A: Yes, Your Honor.
>
> \* \* \*
>
> Q: Do each of you understand all of the possible consequences of your plea?

* * *

A:   Yes, Your Honor.

* * *

Q.   Do you also understand that under some circumstances, we have been discussing your very limited right to appeal. Do you understand you have those two very narrow opportunities to appeal? Is that correct?

* * *

A.   Yes, Your Honor.

Q.   Do you also understand that the Government might have the right to appeal the sentences imposed?

* * *

A.   Yes, Your Honor.

Q.   Do you also understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up almost all of your right to appeal or otherwise challenge your sentence?

* * *

A.   Yes, Your Honor.

(Change of Plea Transcript at 4 - 22.)

The Court finds that nothing in the record even remotely suggests that Lorincz did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein. To the contrary, it clearly indicates that he expressly waived his rights to appeal and pursue collateral relief on more than one occasion after extensive questioning and explanation by the Court. Thus, the record also demonstrates that the Court provided him with a lengthy and detailed explanation of the waiver provisions that was more than adequate to supplement or correct any lack of information or misinformation

that may have been provided by counsel. After receiving this explanation, Lorincz proceeded to state on more than one occasion that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Therefore, the record before the Court unequivocally demonstrates that Lorincz acted knowingly and freely in entering into the plea agreement, including the waiver provisions. Had he truly not wished to plead guilty, not understood the proceedings in which he participated, or been caught unaware by the waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Lorincz has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, the Court now holds that Lorincz's waiver of his right to pursue collateral relief was both knowing and voluntary and operates to him from pursuing further habeas corpus relief, and this § 2255 Motion is therefore frivolous. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005).[1]

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as the

---

[1] The Court notes parenthetically that even if Lorincz had not waived his right to bring this collateral attack, he would not be entitled to the relief requested as the argument presented is without merit.

record clearly demonstrates that Lorincz knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, the Government's Motion to Dismiss [#4] is GRANTED, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED.  This matter is now terminated.

ENTERED this 30th day of January, 2008.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge