UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY LEE LORINCZ,            )
                                )
    Petitioner,                 )
                                )
v.                              )   Case No. 07-4052
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )

## O R D E R

This matter is now before the Court on Petitioner, Timothy Lorincz's ("Lorincz"), Motion for Certificate of Appealability. For the reasons set forth below, the Motion for Certificate of Appealability [#8] is DENIED.

### DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In the case at bar, Lorincz was attempting to collaterally attack the jurisdiction of the Court to convict him when he ran into the procedural wall formed by the fact that his plea agreement contained a waiver of his right to bring a collateral attack on his sentence. This dilemma was compounded by the fact that he made no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea. However, as this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver" under

Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999), the Court proceeded to address the question of whether he knowingly and voluntarily waived his right to pursue collateral relief.

Lorincz made no allegations of ineffective assistance of counsel, much less specific allegations of ineffective assistance with respect to the waiver provision, as are often used to attempt to establish cause under Strickland v. Washington, 466 U.S. 668 (1984). The Court further found his claim to be flatly contradicted by the plain language contained in the transcript of his change of plea hearing; the lengthy explanation provided by the Court at that time was more than sufficient to remedy any deficient advice or misinformation that may have been provided by his counsel with respect to the waiver provisions. The same dialogue also demonstrated the knowing and voluntary nature of Lorincz's waiver and guilty plea.

Thus, Lorincz failed to demonstrate either that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, his waiver of his right to pursue collateral relief operates to bar him from pursuing further habeas corpus relief. United States v. Richardson, 1998 WL 388590, at *3 (E.D.La. July 9, 1998).

In considering whether a certificate of appealability should issue, the Court cannot find that Petitioner has made a substantial showing of the denial of a constitutional right. The suggestion that his waiver was unknowing or involuntary is flatly contradicted by the detailed record in this case. Thus, no claims raised before this Court come close to presenting issues debatable among jurists of reason.

Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Lorincz's § 2255 Motion. Accordingly, Lorincz's Motion for Certificate of Appealability [#8] is DENIED.

ENTERED this 18th day of March, 2008.

                                            s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge